UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY LOFTON, | : | Case No.  1:08-CV-1378 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| CITY OF CLEVELAND, *et al*., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Before the Court are two motions from Plaintiff Stanley Lofton.  (Docs. 34, 35.)  In both of these motions, Lofton asks this Court to appoint pro bono counsel on his behalf.  The Defendants have filed a brief opposing his motions.  (Doc. 36.)  While the Court appreciates the financial burden that civil litigation imposes upon all parties, the Court must **DENY** Lofton's motions for the reasons explained below.

### Background

On June 6, 2008, this case was removed from the Cuyahoga County Court of Common Pleas.  (Doc. 1.)  At the time of removal, Lofton was represented by counsel.

Fact discovery closed on October 21, 2009.  (Doc. 10.)

On March 3, 2010, Defendants filed a Motion for Summary Judgment.  (Doc. 23.)  On March 24, 2010, Lofton's counsel asked the Court for additional time to respond to Defendants' motion (Doc. 25), which was granted as unopposed on April 2, 2010.

On April 20, 2010, Lofton's counsel filed a motion to withdraw because counsel's "relationship with Stanley Lofton has become hostile and adversarial, [such] that [counsel] cannot and should not continue to serve as [Lofton's] attorney in this action or in any other matter."  (Doc. 27.)  On April 29,

2010, the Court granted this motion. (Doc. 29.) In that order, the Court gave Lofton 90 days to locate new counsel and respond to Defendants' Motion for Summary Judgment. (*See id*.)

On May 11, 2010, Lofton reported that he "found only one person willing to look at [his] case." (Doc. 30 at 2.) In this notice, Lofton expressed that he could not afford "expert counsel" because Lofton is on a fixed income of $773 each month. (*Id*. at 2, 4.) He attached a letter from the Social Security Administration awarding him benefits in that amount to support his contention. (*Id*. at 4.)

On June 7, 2010, Lofton filed his first motion for appointment of pro bono counsel. (Doc. 34.) On June 9, 2010, Lofton filed his second motion for appointment of pro bono counsel. (Doc. 35.) These motions appear to be identical in substance. On June 16, 2010, the Defendants filed a brief in opposition to Lofton's motions.

On June 19, 2010, Lofton sent a fax to the Court (Doc. 37) expressing that he had "not been able to find a new counsel yet." (*Id*.) In this fax, Lofton explained that he has "been searching for an attorney [t]hat would be willing to handle[] his pending civil case." (*Id*.) Lofton contended, however, that he has not been able to find an attorney because he is indigent. (*Id*.) On June 21, 2010, Lofton sent a fax to the Court (Doc. 38) further supplementing his motions for the appointment of pro bono counsel.

## **Discussion**

The Court does not doubt Lofton's sincerity when he explains that he is encountering difficulty locating counsel to take his case. The Court accepts Lofton's implicit contention that his only source of income is his $773 monthly check from the Social Security Administration, and the Court is not blind to the reality that, were Lofton a wealthy man, he could likely find an attorney willing to take up his cause of action. This notwithstanding, Lofton has not met the statutory requirement that a party seeking the appointment of counsel provide an affidavit attesting that he is truly indigent. *See* 28 USC § 1915 (requiring "an affidavit that includes a statement of all assets"). The Court would be required to deny Lofton's motions for this reason alone.

It seems, moreover, that it may not be Lofton's indigency that is hindering his ability to find counsel. Lofton's many filings indicate that he has been attempting to locate an attorney, indeed, for the vast majority of this litigation, Lofton *had* an attorney. In other words, Lofton's problem may not be that he cannot afford a hypothetical attorney, but that no actual attorney is willing to take his case. This seems particularly likely because so many Plaintiffs' attorneys work on a contingency fee basis, and the vast majority of the time and effort necessary to prepare for summary judgment has already been expended by Lofton's past counsel, who stands ready to assist any future counsel Lofton might retain.[1]

Our legal system is a complex one for the uninitiated, and trained lawyers are an invaluable asset to litigants, but there is no right to counsel in civil litigation. *See Johnson v. Shaker Heights City Sch. Dist.*, Case No. 1:06cv2680, 2007 U.S. Dist. LEXIS 17963, at *11 (N.D. Ohio Mar. 12, 2007) ("It is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is not similar right to counsel in civil litigation."). Even if Lofton had filed an appropriate affidavit demonstrating the inability to afford counsel, he still would not be entitled to such counsel. The courts simply are not allocated money with which to pay civil counsel's fees. While there are a limited set of circumstances in which a court may pay civil counsel's <u>expenses</u>, those appointments are rare and limited to circumstances where the complaint contains substantial indicia of the merits of a plaintiff's claims. Where, as here, Lofton has filed at least seven causes of action in the Northern District of Ohio that were found not to state a claim, use of Court assets to fund additional litigation would not be appropriate.

---

[1] Lofton's Motions for Appointment of Pro Bono Counsel state that "[t]he [a]ssigned [c]ounsel can have both Defendants . . . take a deposition." (Docs. 34, 35.) Fact discovery, however, has closed. For this reason, Lofton's recently submitted "Motion for Production of Security Cameras [sic] Video . . . ." (Doc. 37) is **DENIED**. Similarly, Lofton's Motions reference "Plaintiff's Motion for Summary Judgment." (Docs. 34, 35.) Lofton need not file a Motion for Summary Judgment, indeed, the deadline for him to have done so has passed and has not been extended. Lofton, rather, was granted an extension to respond to the Defendants' pending Motion for Summary Judgment. (Doc. 29 at 4 ("[T]he Court extends the deadline for responding to the Defendants' Motion for Summary Judgment . . . .").)

The Court makes one final observation. While the typical structure of litigation is surely not obvious to a litigant proceeding pro se, Lofton has stepped outside the very liberal boundaries that courts allow such litigants. He has sent repeated ex parte faxes to the Court (ultimately entered on the docket) and calls the Court's administrative staff frequently. Neither of these things are helpful to Lofton's cause, and he is instructed to refrain from ex parte communication with the Court or its administrative staff.[2]

## Conclusion

For the aforementioned reasons, the Court must **DENY** Lofton's Motions for the Appointment of Pro Bono Counsel (Docs. 34, 35) and Lofton's Motion for Production of Security Cameras [sic] Video (Doc. 37). Lofton is reminded that a response to the Defendants' Motion for Summary Judgment (Doc. 23) is due no later than July 28, 2010, or that motion will be considered unopposed (*see* Doc. 29).

**IT IS SO ORDERED.**

                                       **s/Kathleen M. O'Malley**
                                       **KATHLEEN McDONALD O'MALLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**Dated: June 22, 2010**

---

[2] The Northern District of Ohio does employ pro se law clerks for the specific purpose of providing limited guidance to pro se litigants. These individuals cannot and do not provide legal advice.